HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* MEDINA, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez.

No. 1010.—Decided November 10, 1913.

APPEAL — TRANSCRIPT OF RECORD — OMISSION OF NOTICE OF APPEAL — JURISDICTION.—When an appeal is taken from an order the appellant should present to the appellate court a copy of the notice of appeal. Failure to do so deprives said court of jurisdiction to decide the case, and references made in the statement of the case, in the bill of exceptions, or in a certificate of the secretary to the entry of judgment or to the filing of an appeal, are not sufficient to confer said jurisdiction.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

After execution on the judgment had been issued, Hernández Mena filed a motion in the District Court of Mayagüez, which motion was overruled by an order dated April 30, 1913. A reconsideration of said order was asked for by said Mena and denied also by another order of the 12th of the following month, and although Agustín Hernández Mena brings the case before us as an appeal from the said two orders, a copy of the notice of appeal does not appear in the transcript

of the record.  Reference is made in the statement of the case
approved by the judge to the fact that on May 16 last Agus-
tín Hernández Mena filed a notice of appeal from the said two
orders with the secretary of the court, but there is nothing
in said reference to show that the respondent was served
with notice.

We have just held in the cases of *Hernández Bracero* v.
*Hernández, ante* p. 987, and *Arturo López* v. *Antonio López,
ante,* p. 990, and in harmony with the cases cited in the former
case, that references made in the statement of the case, in
the bill of exceptions, or in a certificate of the secretary to
the entry of judgment or to the filing of the appeal, are
not sufficient to confer jurisdiction upon us to decide an ap-
peal, but that copies of the said documents must form a part
of the transcript of the record.  Section 300 of the Code of
Civil Procedure clearly provides that when an order is ap-
pealed from the appellant must present to the appellate court
a copy of the notice of appeal, and as the appellant has not
complied with the law, it does not appear from the record
that we have jurisdiction to decide his appeal; therefore, in
accordance with the provisions of section 303, it should be
dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro
concurred.

Mr. Justice MacLeary took no part in this decision.